McKELLAR REAL ESTATE & INVESTMENT CO. et al.
v. PAXTON et al.

No. 3973.   Decided August 16, 1923.   (218 Pac. 128.)

1. APPEAL AND ERROR—ERRORS IN ADMISSION OF EVIDENCE, NOT DISCUSSED IN BRIEF, DEEMED WAIVED. Errors in the admission of evidence, not discussed in the brief, must be deemed waived.

2. APPEAL AND ERROR—IN EQUITABLE ACTIONS, APPELLATE COURT MUST WEIGH EVIDENCE. In equitable actions, the appellate court must weigh the evidence and determine whether the lower courts' findings are supported thereby.

3. VENDOR AND PURCHASER—EVIDENCE HELD INSUFFICIENT TO SUSTAIN FINDING AS TO EXECUTION OF CONTRACT IN BLANK. Evidence as to the execution of a contract for the purchase of realty, and testimony by the parties thereto and a bank cashier who drew it, held insufficient to sustain a finding that it had been executed in blank, with the understanding that the terms of the agreement were to be filled in later, and that it should not until then become effective and binding upon the parties.

4. VENDOR AND PURCHASER—VENDOR SEEKING TO RESCIND CONTRACT MUST EVIDENCE THAT INTENT BY UNEQUIVOCAL ACTS. Where a purchaser of realty elects to rescind his contract, he must evidence that election by unequivocal acts, as by notice or some act amounting to notice.

McKellar R. E. & I. Co. v. Paxton, 62 Utah 97

5. VENDOR AND PURCHASER—EXERCISE OF DOMINION BY PURCHASER HELD WAIVER OF RIGHT TO RESCIND. Where purchasers of property took possession before the vendor had completed alterations under his contract, made alterations themselves, constructed other buildings on the premises, used them as a home and exercised other acts of ownership, *held* that they thereby waived their right to rescind.

6. VENDOR AND PURCHASER—MEASURE OF DAMAGES FOR VENDORS' FAILURE TO ERECT BUILDING CONTRACTED FOR STATED. Where vendors agreed to complete a building on the premises sold, the difference between the value of the premises with the completed building thereon, as fixed by the contract, and the actual value of the premises with the building as actually completed by the vendors, measured the damages sustained by the purchasers from failure of vendors to complete the building as agreed.

7. VENDOR AND PURCHASER—REMEDIES OF PURCHASER ON BREACH OF CONTRACT STATED. Usually the purchaser upon vendor's breach of contract has an election either to bring suit in equity to rescind the contract, or to treat the contract as rescinded and bring an action at law to recover the purchase money paid by him, or to retain what he has received, and bring an action at law to recover the damages sustained, or to sue for specific performance of the contract, so far as it may be enforced.

8. VENDOR AND PURCHASER—PURCHASER ENTITLED TO DAMAGES FOR BREACH OF VENDOR'S CONTRACT HELD ENTITLED TO RELIEF FROM PENALTY FOR FAILURE TO MAKE PAYMENTS REQUIRED. In an action for the price of realty, where plaintiff had failed to fully comply with his contract, *held*, that defendants, who by their actions had elected to affirm the contract and recover damages for the vendor's breach, were relieved from the penalty for failure to make the payments provided for in the contract; if at the time of adjusting the amount due including the damages recoverable by them, they paid whatever amount might then be in arrears.[1]

Appeal from District Court, Fifth District, Millard County; *Wm. F. Knox,* Judge.

Action by the McKellar Real Estate & Investment Com-

---

[1] *Tremonton Investment Company* v. *Horne,* 59 Utah, 156, 202 Pac. 547.

pany and others against Anthony Paxton, Jr., and another. Judgment for defendants, and plaintiffs appeal.

REVERSED and REMANDED, with directions.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for appellants.

*J. A. Melville, Jr.,* and *Wm. E. Rydalch,* both of Salt Lake City, for respondents.

GIDEON, J.

This action seeks to recover an amount alleged to be due plaintiffs upon a written contract for the sale of real property. The parties to the contract are the defendants Paxton and wife, as purchasers, and plaintiffs W. R. Walker and wife and Alvin M. Jensen and wife, as sellers. The contract is dated April 27, 1920. Prior to the trial of the case, plaintiff Walker had by purchase, acquired the interests of the other parties plaintiff in the real property covered by the contract.

The written contract provides:

"That the sellers have sold, and do hereby agree to convey or cause to be conveyed, in fee simple unto said purchaser, his heirs or assigns, by warranty deed, when payment by said purchaser of the consideration hereinafter stated, and the covenant herein contained on the part of said purchaser, shall have been fully made and performed, and this contract surrendered to seller the following described real estate in the county of Millard, state of Utah." The purchaser, "for his heirs, executors, administrators and assigns, does covenant and agree to and with said sellers that he will pay to said sellers or to their personal representatives or assigns the aggregate sum of $18,000 for said premises, $2,500 cash in hand, receipt whereof is hereby acknowledged; $2,500 to be paid 60 days after date."

The contract further provides that the purchasers grant to the sellers the right to place an $8,000 mortgage on the property, and the purchasers, as part of the contract price, agree to assume that mortgage. It is also provided that, if the purchaser finds any defect in the title to the premises as

shown by the abstract to be furnished by the sellers, the purchaser is to furnish a written statement of his requirements, and the sellers shall, within a reasonable time, not exceeding 30 days, comply with the same and make the title merchantable. It is further provided that time is of the essence of the contract and that, if the purchaser fails to make the payments or any part of the same, or shall fail to faithfully perform any of the covenants contained in the contract, that at the option of the sellers the unpaid balance of the purchase price shall immediately become due and payable and may be collected by suit, or the sellers may, at their option, cancel the contract and declare same null and void and all the rights of the purchaser shall terminate, and in the event the purchaser is in possession he shall immediately yield to the sellers, or the sellers may sue for breach of contract.

It is alleged in the complaint that plaintiffs are ready and willing to convey the premises to the purchasers by warranty deed upon the payment of the balance of the purchase price specified in the contract. It is also alleged that the purchasers had failed and neglected to make payments as provided in the contract and that the sellers elected to treat the whole balance of the purchase price due. The prayer of the complaint is for judgment against defendants for the amount of the unpaid purchase price with interest; that a decree be made for the sale of the premises, subject to the lien of a mortgage held by the defendant Zion's Savings Bank & Trust Company, and for the foreclosure of "plaintiffs' vendor's lien," and for sale by the sheriff according to law and the practice of the court. The complaint also asks a deficiency judgment against defendants for any amount due after applying the proceeds from the sale of the property.

The answer and counterclaim covers 30 pages of the printed abstract and contains admissions, denials, and affirmative defense and what is designated as first and second counterclaims. It is therefore impracticable to state in detail the allegations of this pleading. The effect of the answer is to put in issue the execution of the contract, and as a further defense alleges that, prior to the date of the contract, cer-

tain oral negotiations were had between the plaintiffs and defendants, wherein the plaintiffs agreed to complete, on or before the date mentioned, the building then in course of construction upon the premises, in a workmanlike manner, to be used as a hotel, and the defendants agreed to purchase the same, when so completed, at the price mentioned in the contract.

It is also alleged that, following these negotiations, the defendants paid to the plaintiffs, at the date of the contract, the first payment of $2,500 and at a subsequent time, in November of the same year, a further sum of $800.

The counterclaims seek to recover from plaintiffs . the amounts paid by defendants and ask to have the same declared a lien upon the property mentioned in the contract. Attached to the answer and counterclaim, and as part of the same, are two notices of mechanics' liens, whereby it is sought to charge the property with a lien for the money paid by defendants.

The court dismissed the claim based on the notice of lien. The court made findings of fact, and entered judgment dismissing the complaint, and awarded judgment against plaintiffs Walker and Jensen for the amounts paid, to wit, $2,500 and $800, with interest, and adjudged the same to be a lien upon the premises.

Numerous errors are assigned challenging the court's findings, as well as its conclusions, and also alleging errors in the admission of testimony. The errors, so far as the admission of testimony is concerned, are not dis-' cussed in counsel's brief, and are therefore waived.

It is the testimony of both plaintiffs and defendants that a few days prior to April 27, 1920, oral negotiations were had between the parties looking to the purchase of the premises by the defendants. It is undisputed that at that time plaintiffs were repairing or remodeling the building already located upon the premises and were building an addition thereto with a view to coverting the upper story into a rooming house and using the lower floor for mercantile purposes. The defendants desired the property for a hotel. The building was inspected or examined by defend-

ants, in connection with the plaintiffs, and certain sugges-
tions were made as to what should be done in the way of
partitioning the lower floor so that there could be a lobby
and other rooms necessary in conducting a hotel, and also
in arranging certain rooms on the lower floor to be used
by defendants as a home.  It is also undisputed that it was
the agreement and understanding that the building should
be completed by plaintiffs.  As found by the court, and as
supported by the evidence, "plaintiff's obligated themselves
to build said building in a substantial and workmanlike man-
ner and deliver to said defendants, Anthony Paxton, Jr.,
and Mrs. Anthony Paxton, Pr., possession of the same on
or before July 1, 1920."  It is also undisputed that on the
evening of the 26th or 27th of April, 1920, the parties met
by agreement in the office of the cashier of a local bank, and
the cashier undertook, under direction of the parties, to
formulate a contract for the sale of the premises in accord-
ance with the oral agreements.  That contract was drawn
and executed by the parties, with the exception of the wife
of one of the plaintiffs, at that meeting.  During the interim
between that time and the following morning, the defendants
concluded that their rights were not sufficiently protected
by the contract executed the evening before, respecting the
mortgage which the sellers were permitted to place upon
the premises.  Consequently another meeting was had the
following morning, at the same place.  It is also undisputed
that the agreement set out in the complaint does not contain
all of the provisions that were incorporated in the previous
agreement.  The testimony is in direct conflict as to what
took place at the second meeting.  It is the testimony of both
the defendant Anthony Paxton, Jr., and his wife that the
cashier of the bank stated that he did not have time at that
hour to prepare a new contract and that it was agreed that
the parties would execute the contract in blank and that the
cashier would later fill out the blanks in the printed con-
tract and submit the same to the parties, and, if the terms
of the agreement were satisfactory, it should then become
effective and binding upon the parties.  One copy was to be
delivered to the plaintiffs, one to defendants and one retained

by the bank. The contract was partly printed and partly typewritten.

On the contrary, it is the testimony of plaintiffs Walker and Jensen, Walker's wife, and the cashier of the bank, who was a notary and who acknowledged the contract, that the contract was completed and that the typewritten matter found therein was written prior to the execution of the same and that they were retained by him until Mrs. Jensen, wife of plaintiff Jensen, should come to the bank later in the day and sign the contract.

The trial court found that issue in favor of the defendants.

The parties by their pleadings and the relief sought have made this an equitable action. This court is therefore charged with the duty of weighing the testimony and determining whether the court's findings are supported. We find ourselves unable to agree with the trial court that the weight of the testimony supports its findings on that issue. The testimony of the bank cashier, who is disinterested, is positive that nothing was added to the contract after the same was executed. That testimony is supported also by Mr. Jensen, who, while a party plaintiff, is no longer interested in the property; also by the plaintiff Walker and his wife. Moreover, the subsequent acts of the defendants can only be reconciled with the fact that they recognized that there existed a binding contract between them and the plaintiff for the sale and purchase of these premises. The testimony is to the effect that the contract was delivered to Mr. Paxton at his home within a very few days after the date it bears. It is true he testified he did not examine it at that time, merely placing it away in the drawer and forgot that he had received it. It was not examined either by himself or his wife until some time in the month of September following. Be that as it may, we are of the opinion that the overwhelming weight of the evidence supports the claim of plaintiffs that the contract was written and the blank spaces filled in before it was signed by the parties. It is equally certain, however, and that is admitted by the testimony of plaintiff and all parties who are familiar with the facts, that there was an

oral understanding or agreement, made contemporaneously with this written agreement, and as a part of the same transaction, whereby plaintiffs undertook to complete the building in a workmanlike manner and to deliver same to defendants on or before July 1, 1920. That the building was not completed by that date is without dispute. That the defendants were anxious to obtain possession of the building is likewise without dispute. The defendants made frequent, almost weekly, visits from their home 20 miles distant to watch the progress of the building and to urge its early completion. Relying upon the promises of the plaintiffs, they purchased the necessary furniture for the opening and operation of a hotel—had the same shipped to Delta so as to be able to take possession by July 1st. The building was not completed at that time or in fact was not completed so as to permit occupancy before January 1, 1921. On that date defendants took possession and moved into the building. The building was not yet completed. It is their testimony and contention that they took possession of the premises upon the assurance of the plaintiffs that they would complete the building with all due dispatch so as to make the same satisfactory to the defendants in compliance with the oral understanding and agreement made at the time of the written contract and prior thereto. It also appears, and both plaintiffs and defendants so testified, that some time during the month of January, 1921, the plaintiff Walker announced that he would do no more work and would expend no more money on the building. It is the contention of plaintiff Walker that the defendants were making unconscionable and unreasonable demands and trivial objections to the building. Plaintiff requested that defendants submit in writing what additional alterations and changes they desired, and upon defendants refusing to submit such written statement plaintiff Walker announced he would do nothing further towards the completion of the building or making such changes as defendants requested.

The defendants continued to occupy the building and were occupying the same at the date of trial, conducting a hotel therein. In June, 1921, demand was made upon defendants

to pay the amount as stipulated in the contract, and upon refusal this suit was instituted.

In this case the plaintiffs undertook and agreed to sell to the defendants premises owned by plaintiffs, and as a part of the consideration undertook and agreed to complete a building suitable for hotel purposes. That was the real consideration and the inducing consideration that caused the defendants to enter into a contract to purchase the property. No one is attempting to deny or escape the consequences or effect of the oral agreement made contemporaneously with the written agreement. The difference between the parties is that it is the contention of plaintiffs that they had substantially complied with that agreement, and it is the contention of defendants that they have not. The court found the facts on that issue in favor of the defendants. In its oral opinion, which is found in the record, the court justifies the defendants in taking possession of the property in order to recoup their loss for the payments already made and concludes that that does not, as a matter of law, constitute an acceptance of the premises.

It is the contention of defendants that they took possession relying upon the promise of plaintiffs that the building would be completed as per the oral agreement. There were no plans or specifications, unless certain drawings prepared by the defendant Mrs. Paxton can be considered plans and specifications. This drawing is not in the record. The court's finding that the building was to be completed "in a substantial, workmanlike manner" is supported by the evidence. The testimony upon the part of the defendants was that the building had not been completed so as to measure up to the standard of "a substantial, workmanlike manner.

The principal defense is based upon the ground or claim that the act of Walker, during the month of January, in declining to do any further work or make any further effort to complete the building constituted an abandonment of the contract, and defendants were thereby released from additional or further liability growing out of the contract. Notwithstanding the statements or conduct on the part of Walker, the defendants retained possession of the property,

occupied it, and used it as a home for their family and as a hotel for the accommodation of guests. The place was extensively advertised as the leading hotel in Delta. In addition, it is conclusively established by undisputed testimony that subsequent to January—in the months of February and March—the defendants made material alterations in the building by cutting new doors and making changes and alterations in the windows, and in addition to that constructed upon the premises a garage, a building in which to keep cows, and a chicken coop; in other words, exercised all the acts of ownership over the premises. At no time after January, or prior to the institution of this action, did defendants indicate by word or act that they considered the contract abandoned or that they had acquiesced in a rescission or abandonment of the contract on the part of plaintiff's, even if it be conceded that the statements of Mr. Walker constituted an abandonment of the contract on his part. It is generally held that when a purchaser elects to rescind he must evidence that election by unequivocal acts, either by notice or some act amounting to notice of his intention to rescind. In 39 Cyc. at p. 1430, the author says:

"The election of the purchaser to rescind must be evidenced by unequivocal act, and ordinarily, if the vendor has not waived notice of rescission, the purchaser must in some way give notice to the vendor of his intention of rescinding the contract; and where the purchaser has failed to rescind for nonperformance at the stipulated time he cannot subsequently rescind without giving notice to the vendor and allowing a reasonable time for performance."

Again, on the same page, it is said:

"The general rule that the purchaser waives his right to rescind by failure to exercise it promptly on discovery of the grounds applies where the ground relied on is mistake, duress, failure to procure the conveyance within the limited time, or deficiency in quantity."

At page 1432 of the same volume, it is said:

"Any action on the part of the purchaser treating the contract as in force, when done with a knowledge of the facts creating a right of rescission, amounts to a waiver of the right to rescind because of the existence of such facts."

Regardless of whether the defendants have by their plead-

ings presented the question of rescission, and also regardless of whether the acts of the plaintiff Walker, by refusing to do additional work or complete the building, in the month of January, 1921, constituted an abandonment, we are clearly of the opinion that the acts of defendants constituted a waiver on their part of any right to insist upon a rescission of the contract, or to now contend that the acts of Walker released the defendants from any further duty or liability by reason of the terms and provisions of the contract.

"A plea of rescission in an action for breach of contract is ineffectual, unless it avers all the necessary facts to constitute a good rescission in law." 13 C. J. 738.

In *Harvey* v. *Morris,* 63 Mo. 475, the court said:

"Where a purchaser of land, by virtue of the contract of purchase, is put in possession of the land purchased, he cannot resist the payment of the purchase money without offering to restore the possession thus acquired by him to the vendor. He cannot be permitted to occupy, possess and enjoy the profits of the land bought, and at the same time be allowed to withhold the price agreed to be paid."

That language is quoted by the Supreme Court of Kansas in *Dunn* v. *Mills,* 70 Kan. 656, 79 Pac. 147, 502, 3 Ann. Cas. 363. See, also, *McCourt* v. *Johns,* 33 Or. 561, 53 Pac. 601; *Taft* v. *Kessel,* 16 Wis. 273; *Wickman* v. *Robinson,* 14 Wis. 493, 80 Am. Dec. 789.

It is further insisted and argued as a defense against plaintiffs' claim that the testimony showed plaintiffs were unable to convey a merchantable title. The covenants on the part of plaintiffs and defendants, as found in the written contract, are independent and mutual. The plaintiffs bound themselves to "convey or cause to be conveyed in fee simple * * * by warranty deed, when payment by said purchaser of the consideration * * * shall have been fully performed." The purchasers undertook to make the payments as stated in the agreement. By the plain provisions of the contract, the seller was not required nor obligated to convey the premises until the full purchase price had been paid. In the absence of some showing that plaintiffs did not have title to the premises, or could not acquire title, it may seriously

be doubted whether the defect of title, if there was a defect, could be interposed as a defense to plaintiffs' action to recover the purchase price. We are not, however, concerned with that question. The abstract submitted showed that at the time of the execution of the contract, April 27, 1920, plaintiffs had title to this property, and there was no reason why they could not have conveyed a merchantable title voluntarily or be compelled to do so in an action for specific performance. Moreover, the testimony of the plaintiff Walker, which is uncontradicted, is that the judgment liens existing against the property had been substantially settled at the time of the trial. That judgment was rendered in August, 1921, more than a year after making of the contract and eight months after defendants had taken possession of the property. The plaintiffs alleged in their complaint and testified at the trial that they were able to convey title in accordance with the terms of the contract. Admittedly the defendants, upon payment of the full purchase price, are entitled to a conveyance by warranty deed giving them a fee-simple title to the premises.

The court found, and, as indicated elsewhere, that finding is supported by the testimony, the building constructed upon the premises by plaintiffs did not meet the requirements of the agreement between the parties. The defendants were purchasing the property for a particular purpose. That fact was well known to the plaintiffs. The defendants were entitled to have such a building on the premises as plaintiffs had agreed to complete. The value of the premises with the building completed as contemplated in the agreement was fixed by the terms of the contract. The value of the premises with the building actually accepted by the     6, 7 defendants can only be determined by the court upon testimony. The difference, if any, between the value as fixed by the contract and the actual value as completed by plaintiffs and accepted by defendants necessarily measures the damages sustained by defendants. Usually the purchaser, upon a breach of contract on the part of the vendor, has an election of three remedies: He may bring suit in equity to rescind the contract or he may treat the contract as re-

scinded and bring an action at law to recover the purchase money paid by him. He may retain what he has received and bring an action at law to recover the damages sustained, or he may bring an action to compel the specific performance of the contract, so far as it may be enforced. 39 Cyc. 1430.

The defendants here brought no action to rescind the contract. They refused to treat the contract as rescinded and they are not asking specific performance. They retain what they had received and must be held to have elected to rely upon their right to off-set against the purchase price any damages sustained. The failure of the plaintiffs to complete the building as agreed furnishes some justification for the defendants in refusing to make the payments as provided in the contract. The court, in determining the rights of the parties and in enforcing payment, in the exercise of its equitable powers, if the facts warrant, can relieve the defendant from the penalty of being required to pay the full amount of the purchase price at this time, provided that all past-due payments are paid when the amount that the defendants are required to pay has been determined. *Tremonton Inv. Co.* v. *Horne,* 59 Utah, 156, 202 Pac. 547.

The judgment of the district court is reversed and set aside, and the cause remanded, with directions to determine the rights of the parties in accordance with the views herein expressed; costs in this court to be equally divided.

WEBER, C. J., and THURMAN, and CHERRY, JJ., concur.

FRICK, J., did not participate.