## McKELLAR REAL ESTATE & INVESTMENT CO. et al.
## v. PAXTON et ux.

No. 4603.   Decided July 25, 1928.   (269 P. 1035.)

*J. D. Skeen* and *Thomas & Thomas,* all of Salt Lake City, for appellants.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for respondents.

GIDEON, J.

This is an appeal by defendants Paxton and wife. The case was here on a former appeal. *McKellar R. E. & Inv. Co.* v. *Paxton,* 62 Utah 97, 218 P. 128. Prior to the first trial W. R. Walker, one of the vendors of the land herein involved, and one of the plaintiffs, acquired all of the interests of the other plaintiffs in the subject-matter of the litigation. He therefore was and still is the sole plaintiff.

As stated and held in the former opinion, the action was instituted to recover an amount claimed to be due plaintiff from defendants upon a written contract for the sale of real estate. On the first trial the lower court dismissed the complaint, and rendered judgment in favor of the defendants, and against the plaintiff, for the amount of money defendants had paid on the contract for the sale of the property.

The written contract of sale was dated April 23, 1920. It is conceded, and on the former appeal was so held by this court, that contemporaneous with the written contract an additional parol contract was entered into by and between the parties, whereby plaintiff undertook and agreed to complete and make certain alterations on the building then standing on the premises as a part of the consideration for the purchase price. At the first trial the lower court was of the opinion that, plaintiff having failed to complete the building as agreed, defendants were entitled to recover the amount by them paid on the contract, and to be relieved from further obligation under it. The judgment dismissing the complaint and awarding judgment to the defendants was by this court reversed. This court held that, by acceptance and retention of possession of the property defendants had lost their right to rescind the contract.

At the first trial the lower court found, and on the appeal from the judgment this court likewise held, that the building on the premises had not been completed as agreed, and that the alterations made did not meet the requirements of the oral agreement. On that appeal this court further held that the defendants, by accepting and occupying the property,

should be held to have elected to rely upon their right to offset against the purchase price any damages sustained by reason of the failure of the plaintiff to complete the building according to the terms of the parol agreement. The cause was remanded to the district court, to determine the rights of the parties in accordance with the views expressed by this court in its opinion.

The remittitur was filed in the district court. The parties were permitted to amend their pleadings. A hearing was had upon the issues raised by the amended pleadings. That court found the terms of the oral agreement with respect to the alterations and additions that should be made in and to the building subsequent to the date of the oral agreement. The court's finding in that respect is set out in full later in this opinion. The court also found the amount of the damages sustained by defendants by reason of the failure of plaintiff to complete the building as provided in the oral agreement, and judgment was entered in favor of plaintiff, after deducting from the amount of the purchase price the several amounts of damages found by the court as having been sustained by defendants by reason of the failure of the plaintiff to complete the building as agreed. The defendants Paxton and wife now appeal from that judgment.

No complaint is made respecting the amounts allowed as offset for damages, in so far as the particular items enumerated in the trial court's findings are concerned. The principal assignment of error and the chief complaint is as to the ruling of the trial court in striking from the record certain testimony, and refusing to allow defendants any amount for a defective wall in the building located upon the premises purchased by defendants.

It is undisputed that on April 23, 1920, the date of the contract, there had been erected on the premises what is referred to as an old building, and to the west of that a new building. The walls of both buildings were complete, and the alterations and changes, as shown by the evidence and as found by the trial court, had to do with the

building of certain partitions, laying of floors in the new building, finishing the upstairs, putting in new doors and windows, and also installing plumbing and digging or constructing a cesspool. It also appears that plaintiff purchased the property from others prior to the contract of sale entered into with defendants, and it likewise appears that the walls of both the old and the new buildings were constructed before plaintiff became the owner of or interested in the property.

At the hearing in the district court, which resulted in the judgment from which this appeal is prosecuted, the defendants offered testimony to show that the west wall of the new building had, by reason of a defective foundation or some other defect, slipped away from the main part of the building, and had cracked in several places, and that as a result of the slipping or sliding away there were cracks in places along the wall where the joists were attached to this building. Testimony was offered to show that the wall could not be made safe without practically rebuilding it, or at least tearing it down to the point where the joists supporting the upper story are inserted in the wall. This testimony was admitted, and was afterwards, on motion of counsel for plaintiff, stricken out—the trial court taking the view that there was no testimony showing that the plaintiff had any notice or knowledge of the defect of the west wall, if there were a defect, that plaintiff made no representations respecting the construction of the wall or its then present condition, and that he did not conceal any defect in the wall known to him, if there were a defect; also that the defendants Paxton and wife examined the building before purchasing the property, and had every and the same opportunity to discover any defect, if there were a defect, to the same extent as did the plaintiff. The trial court was of opinion, and so stated in making its ruling upon the motion to strike this testimony, that in the state of the record as then made there was shown neither an express nor an implied guaranty on the part of plaintiff that the west wall would stand and not

slip from its foundation. In our judgment, the trial court did not err in granting the motion to strike. *Harsha* v. *Reid,* 45 N. Y. 415; *Bowe* v. *Hunking,* 135 Mass. 380, 46 Am. Rep. 471.

As indicated above, and as stated in the former opinion of this court, neither of the parties to this proceeding denies the existence of the parol agreement entered into contemporaneously with the written contract. The oral agreement had to do with the repairs or alterations that were to be made in the building before the same was to be delivered to the defendants or accepted by them. No one is now disputing the existence of that contract. The written agreement made no reference to any changes or alterations to be made in the building on tne premises. The seventh finding made by the court on the second trial is as follows:

"That at the time said contract of purchase was entered into between the plaintiffs and the defendants there was a contemporaneous oral agreement between the plaintiffs and the defendants, whereby the plaintiffs agreed to convert the ground floor of the west part of the building on the premises into a lobby, dining room, and kitchen, and agreed to complete the installation of the plumbing and heating plant in the premises, and agreed to furnish a cesspool for the premises, and agreed to lay suitable concrete floors on the ground floor of the premises, all of which were to be suitable for use by the defendants for hotel purposes; that at the time said agreement was entered into the building on said premises consisted of an old building on the eastern side of said premises, together with the addition of a new building on the west side of the premises, and that the walls and roofs of said premises were complete; that, with the exception of the plastering and plumbing of the second floor, both the old and new building were substantially completed; and that prior to entering into the said written contract for the purchase of said premises the defendants examined said premises and improvements."

It will thus be seen that the court made specific findings as to what the oral contract between the parties was. That finding is not challenged. There is an assignment of error simply that the court erred in making finding No. 7. No further or other specifications are con-

tained in the assignment, indicating wherein or whereby the trial court erred in making that finding. Nor is there any discussion in the brief as to the error of the trial court in making such finding. The arguments in the brief relate almost wholly to the ruling of the court in excluding the testimony as to the condition of the west wall. The findings of the court standing thus unchallenged, and being specific as to what the contract was, and the trial court having allowed damages for failure to complete the building as provided in the parol agreement, it must necessarily follow that, independent of every other reason, the judgment must be affirmed.

There is some suggestion in the brief of counsel for appellants that this court in its former opinion held that the contract between the parties was that the building should be completed suitable for hotel purposes. That statement is made in the opinion. It is also stated in the opinion that the building had not been completed according to the agreement between the parties. It was understood by all the parties that defendants were purchasing the property for the purpose of operating a hotel. The agreement between the parties as to what alterations should be made constituted what they conceived at the time necessary to make the building suitable for hotel purposes. The trial court has found what that agreement was, and, as stated, that finding is not challenged.

In addition, any statement in the former opinion that the building should be completed suitable for hotel purposes must be construed as relating and referring to the condition of the building at the time the agreement between the parties was entered into. Neither the statement of the parties nor the statement found in our former opinion that the building should be completed, suitable for hotel purposes, when considered in connection with the facts proven in this case, can be construed to mean that plaintiff was required to reconstruct any part of the building then completed. The

west wall was completed, and was there open for inspection at the time of making the contract.

Appellants cite and rely upon the opinion of the court in *Northern Pac. Co.* v. *Goss* (C. C. A.) 203 F. 904. An examination of that case will show that the facts there are so materially different from the facts in the instant case that the rules of law' there discussed and applied have no application to the issues in the present case. In the course of the opinion the court says:

"In a case like this, the question of latent defect, and therefore implied guaranty, is not present."

Judgment affirmed.

THURMAN, C. J., and CHERRY and STRAUP, JJ., concur.

HANSEN, J., being disqualified, did not participate herein.

MARKS, District Judge. I do not fully concur in all the matters set forth in the majority opinion. At the time the original contract was entered into, plaintiffs Walker and wife and Jensen and wife were joint owners of the building and premises in controversy; hence the fact that Walker became sole owner before the trial is immaterial. Both Walker and Jensen are chargeable, if at all, to defendants for the completion of the building in question suitable for hotel purposes.

The real point involved in this case is as to whether or not the brick wall should have been put in good condition by plaintiffs. Walker and Jensen were joint owners, and jointly sold the premises to defendants. They should be held, and should have been, jointly liable to defendants. True, the wall had been completed, except as to plastering on the second floor, at the time of the contract of sale. However, there were such defects in the wall that the build-

ing could not be properly completed for hotel purposes, subject to the approval of the state engineer.

In *Dermott* v. *Jones,* 2 Wall. (69 U. S.) 1, 17 L. Ed. 762, it was held to be the duty of the builder to know for himself of any latent defects in the soil upon which he had contracted to erect a building. So, in the instant case, the owners, who caused the building to be erected, should be charged with knowledge as to the defects in the soil or foundation which caused the cracking of the wall.

In *Railroad* v. *Smith,* 21 Wall. 255, 22 L. Ed. 513, it was held to be the duty of the contractor, in erecting a building upon piers already constructed, to know that the piers were adequate for the purpose, and that he was responsible for the failure of his bridge to operate properly because of uneven piers. So, in the instant case, plaintiffs under the evidence, were chargeable with knowledge, and should be liable, were there no other matters to consider.

Notwithstanding my view as to the equities of the case, it appears that finding No. 7 is not properly challenged, and, as such failure is controlling, I concur in affirming the judgment of the lower court.