## MURRAY et al. v. FINLAYSON et al.

No. 4624.   Decided September 7, 1928.   (273 P. 319.)
Rehearing Denied January 7, 1929.

D. W. *Moffat,* of Murray, for appellants.

D. M. *Draper* and *Dan B. Shields,* both of Salt Lake City, for respondents.

STRAUP, J.

The plaintiffs sold and conveyed to the defendants 280 acres of land and 800 shares of water right in Emery county in consideration of the defendants selling and conveying to the plaintiffs two dwelling houses and lots in Salt Lake City. The plaintiffs executed and delivered a warranty deed to the defendants conveying to them the 280 acres. The defendants executed and delivered to the plaintiffs a warranty deed for one of the houses and a bond for a deed for the other. At the time the contract was entered into, the defendants were building the houses, the construction of which was not then fully completed. The contention of the plaintiffs is that the defendants failed to complete the construction of the houses as by their contract they had agreed to do. They thus brought this action to recover from the defendants the reasonable cost to complete the houses alleged to be $997, $450 for the failure of the defendants to build two garages as by their contract it also was alleged the defendants had agreed to do; and plaintiffs further alleged that, by reason of the failure of the defendants to complete the houses, the plaintiffs were unable to occupy, rent, or sell the houses, and that the reasonable rental value was $40 per month for each house "making a total amount due to this date of $880.00 and an accrual of $80.00 for each month said property remained incompleted."

The defendants denied all of the material allegations of the complaint, and contend that, while the parties bargained and negotiated with respect to an exchange of the properties, yet no completed contract had been entered into between the parties; that in the exchange the defendants were not required to complete the houses; that, after the warranty deed and bond for a contract for a deed had been signed by defendants, there was inserted in each, without authority or the consent of the defendants, and in violation of the agreement, a clause that the "house was to be completed as per contract of even date herewith" between the parties; that, in violation of the agreement between the parties, the plaintiffs, in the warranty deed executed by them, wrongfully inserted the clause "subject to taxes and water assessments"; that the plaintiffs failed and neglected to deliver to the defendants the 800 shares of water right of the value of $4,000 or any part thereof; that the land conveyed to the defendants by plaintiffs then was subject to a tax and assessment of $1,300, all of which the plaintiffs, by the agreement, had agreed to pay, and in violation thereof inserted the clause that the deed was subject to all taxes and assessments, and because thereof the deed was not accepted nor recorded by the defendants. The defendants thus tendered the deed back in court to the plaintiffs, and prayed that the plaintiffs be required to deliver back to the defendants the houses and lots, and that the defendants recover from the plaintiffs damages in the sum of $2,000.

The case was tried to the court. Findings on all of the issues were made in favor of the plaintiffs and against the defendants, among other things, that a completed contract was entered into between the parties; that the respective deeds of the parties and the bond for a deed, including the objectionable clauses, were executed and delivered in accordance with the agreement between the parties, and that such clauses were not in violation of the agreement or otherwise wrongfully inserted in such instruments; that the defendants had agreed to fully complete the construction of the

houses and to build the garages; that the defendants, in violation of their contract, had failed to do so; that the reasonable cost to complete such buildings and build the garages was $622.70; and "that as a result of the failure on the part of the defendants to complete such houses, as he agreed to do, plaintiff had been deprived of the use of said houses, and the loss of rentals in the sum of $960.00." Judgment was thereupon entered accordingly, from which the defendant appeals.

The findings of the court are assailed as being against, and not supported by, the evidence. Upon an examination of the record, we are satisfied that the findings in every particular are well suported by the evidence, unless it be as to the amount allowed for rentals. That the defendants had agreed to fully complete the houses and build the garages is clearly shown. That they failed and neglected to do so is also shown without any substantial conflict in the evidence. The findings as to the reasonable cost to complete the houses and build the garages are not challenged in such particular. However, the finding that as the result of the failure of the defendants to complete the houses the plaintiffs were deprived of the use of them, and because thereof suffered a loss of rentals, is especially assailed as not being supported by the evidence, and the claim made that the award in such respect is also erroneous because not a proper element of damage; that, when the plaintiffs were given damages for the reasonable cost to complete the houses and to construct the garages, such constituted the only compensatory damages to which they were entitled, and, if entitled to any damages for loss of rentals, such loss could be only for such period as would be reasonably necessary to complete the buildings, "in this case," say the defendants, "not to exceed fifteen or thirty days, probably not more than five days."

Counsel for the defendants do not claim nor point out anything in the record to show that the plaintiffs were in possession of either of the houses, or that the defendants

put, or offered to put, them in possession, or tendered possession to them, or that the houses, when the contract between the parties was entered into or the respective deeds were executed and delivered, were in condition to be occupied and used or rented, or that the defendants did anything to prevent or hinder the plaintiffs from entering upon the premises and completing the buildings nor does counsel for the defendants point out anything in the record to show wherein the finding that the plaintiffs, as the result of the failure of defendants to complete the houses, were "deprived of the use of said houses and the loss of rentals," is not supported by the evidence.

On the other hand, counsel for plaintiffs do not point to anything to show that the plaintiffs were not in possession, or that possession was forbidden them or was withheld from them, or that the defendants did anything to hinder or prevent them from completing the houses. They but say the amount of damages found by the court was "too modest"; that the plaintiffs relied on the continuing promises of the defendants to complete the buildings; and that the defendants thereby "deterred them from taking independent action to secure the completion"; and that in the meantime "plaintiffs were losing rents." Neither party has pointed out anything to show within what time the houses were to be completed or within what time they reasonably could have been completed.

As to all this we get no enlightenment from the abstract or briefs of counsel for either party, and thus unaided by them we are left to search a rather voluminous transcript of questions and answers of the testimony of all the witnesses and of documentary evidence to ascertain what may be found in the transcript with respect to this particular matter. Our search has not been entirely satisfactory. We may have overlooked something. If we have, the parties, because of their remissness ought not to complain. The burden, of course, is on the defendants to show error, and

to show that the award made for loss of rentals is not supported by the evidence and thus erroneous as matter of fact or erroneous as matter of law. It readily is perceived that under some conditions and contingencies the plaintiffs were entitled to loss of rents. The defendants do not dispute that. They say the plaintiffs, in view of the facts, were not, as matter of law, entitled to such compensation, at least not to exceed a period of from 15 to 30 days. But no facts or evidence is pointed to upon which counsel rely for either proposition. Upon our search of the record we deduced this: The defendants, because of their claim that no completed contract was entered into between the parties, that the plaintiffs misrepresented the character and condition of the ranch, inserted in their deed of conveyance a clause not in accordance with the agreement between the parties, made, or caused to be made, an interlineation in the bond for a deed signed by the defendants, failed to deliver the shares of water stock as they had agreed to do, that the defendants had not agreed to complete the houses, that they in effect repudiated the whole of the transactions had between the parties and tendered back the deed to the ranch, and sought a conveyance back to them of the houses (all of which were found against the defendants), at no time put, or offered to put, the plaintiffs in possession of the houses or to yield possession thereof to them or permitted them to occupy or possess the buildings or to complete them or offered to let them do so, that such buildings without completion were not habitable, and that they could have been completed and rendered habitable within a period of 15 days or less, we think the plaintiffs were entitled to compensatory damages, not only for the reasonable cost to complete the buildings, but also for the rental value or for the possession of the premises wrongfully withheld from them. On the record we cannot say that the amount so awarded is excessive.

The defendants are husband and wife. Another point made by them is that the judgment in no event ought to

have been against the wife. The record title of the houses and lots stood in the name of the wife. The deed made by the defendants to the plaintiffs was made by both defendants. The deed executed and delivered by the plaintiffs to the ranch was in the name of the wife as the grantee. All the contracts and agreements were executed in the name of and by both defendants as principals. On the record, the covenants and obligations on the part of the defendants were just as much the covenants and obligations of the one as of the other. A breach of any of them was just as much her breach as that of her husband. Under these circumstances we think the judgment against both was proper.

The judgment is affirmed, with costs to the respondents.

THURMAN, C. J., and CHERRY, J. concur.

HANSEN, J.

I dissent from that portion of the prevailing opinion wherein the judgment is affirmed for the rental of the real estate conveyed to the plaintiffs. In my opinion neither the pleadings, the evidence, nor the findings of fact are sufficient to support a judgment for rentals in the sum of $960 or in any sum at all. The amended complaint upon which this action was tried, so far as it relates to rentals, alleges:

"That notwithstanding the agreement and promise of the defendants so to do, they have at all times since entering into the agreements and contracts herein set forth, refused and failed to build the garages on said premises and have failed to complete said houses by neglecting to do and perform and place in and upon the (premises) the following, for which plaintiffs will be obliged to pay the following amounts."

Then follows a detailed description of what the plaintiffs claim must be done to complete the buildings and the cost thereof.

It is then further alleged in the amended complaint:

"That by reason of the failure of defendants to complete said houses plaintiffs have been unable to occupy, rent or sell said houses and the reasonable rental value thereof is $40.00 each. per month making a total amount due to this date of $880.00 and an accrual of $80.00 each month said property remains incomplete."

The defendants, in their answer, set up by way of defense that the deed delivered by them to the plaintiffs was materially altered after it was delivered; that plaintiffs breached their agreement, in that they failed and refused to deliver to the defendants 800 shares of water stock; and that plaintiffs, contrary to their agreement, failed and refused to pay the taxes and water assessments on the property conveyed to the defendants by the plaintiffs. The defendants prayed that the alleged agreement between the plaintiffs and defendants be rescinded, or, if rescission could not be had, that the defendants be awarded a money judgment against plaintiffs. Plaintiffs replied to the affirmative matters alleged in defendants' answer. In plaintiffs' reply it is in part alleged as follows:

"That on or about the 17th day of December, 1926, plaintiffs and defendants duly delivered to each other and exchanged deeds to their respective properties herein described * * *; that after the exchange of deeds by the parties hereto, each went into possession and are now in possession of the property so conveyed each to the other."

It is obvious that the date, December 17, 1926, is an error in the year, and should be 1925 instead of 1926. The evidence is all to the effect that all of the transactions between the parties to this action were had in November and December, 1925. The trial of the action began in November, 1926.

The evidence shows without conflict that, at the time the transaction involved in this controversy was had, the defendants were engaged in the construction of two houses upon the premises conveyed to the plaintiffs. The work of

constructing the buildings continued until at least January 2, 1926. On March 2, 1926, defendant A. M. Finlayson informed Joseph F. Lloyd, an agent of the plaintiffs, that the houses "are finished as much as I intend to finish them." This information was immediately conveyed to the plaintiff W. M. Murray. Again in May, 1926, defendant A. M. Finlayson informed the plaintiff W. M. Murray that he would not complete the buildings. In July, 1926, the defendant A. M. Finlayson again informed the plaintiff W. M. Murray that he would not complete the buildings. The evidence further shows that the deed from the defendants to the plaintiffs conveying the property in Salt Lake City upon which the houses were being built was dated November 17, 1925. It was acknowledged on the same date, and was recorded by the county recorder of Salt Lake county under date of December 24, 1925, at the request of the plaintiff W. M. Murray. The trial court found that this deed from the defendants to the plaintiffs was a valid deed. The trial court also found that the defendants failed to complete the buildings as they agreed, and that the reasonable cost of completing the buildings is the sum of $622.77. The only finding which supports, or tends to support, the judgment for $960 for loss of rentals reads as follows:

"That as a result of the failure on the part of the defendants to complete said houses, as he agreed to do, plaintiff has been deprived of the use of said houses and the loss of rentals in the sum of $960.00.

We thus have the plaintiffs affirmatively alleging "that after the exchange of deeds by the parties hereto each went into possession of the property so conveyed each to the other." We find that the plaintiffs held the legal record title to the property conveyed to them from and after December 24, 1925. There is no pleading, no evidence, and no finding that the plaintiffs, during this period of one year, failed to have the buildings finished so that they could be occupied because of any reliance upon any continuing or repeated promise of the defendants. On the contrary, the plaintiffs'

evidence shows, without conflict, that upon three occasions the defendant A. M. Finlayson informed the plaintiffs that he would not complete the buildings. The plaintiff W. M. Murray so testified, and his testimony in this respect is not denied. When the defendant A. M. Finlayson, in March, 1926, informed the plaintiffs that he would not complete the buildings, the contract was breached, and the rights of the plaintiffs for damages for such breach became fixed and complete. The plaintiffs should not be permitted to add to such damages by failing to put their premises, the possession of which was in them, in such condition that they could be occupied. It is quite uniformly held that it is the duty of a person claiming damages to mitigate the same by such means as a reasonable and prudent man would employ in his own affairs. 6 Page on Contracts, § 3193, p. 5614; 17 C. J. p. 927.

In the instant case it was not the action of a reasonable and prudent person to sit idly by and permit the loss of $80 monthly for a period of one year when the expenditure of the sum of $622.77 would have avoided such loss. If plaintiffs may recover rent for one year upon the premises which were conveyed to them because the houses were not completed as agreed, I can see no reason why they may not continue indefinitely to collect such rents. Nor does the fact that the defendants in their answer prayed for a rescission of the contract for the exchange of properties alter the rule. There is no pleading, no evidence, and no finding of fact that the plaintiffs were deterred from putting the buildings owned by them in a habitable condition because of any claim made by the defendants. There is evidence that the defendants were not satisfied with the transaction had with the plaintiffs, but there is not a scintilla of evidence that the defendants, or either of them, ever indicated that they would seek to have the conveyance by them to the plaintiffs set aside except by the allegation contained in the answer filed herein. The answer was not filed until June 2, 1926, which was three months after the defendant A. M. Finlayson first notified

the plaintiffs that he would not complete the buildings. The mere fact that the defendants filed such an answer to plaintiffs' complaint cannot well be said to enlarge the damages which plaintiffs are entitled to recover.

It may be conceded that, if the defendants did not prosecute with reasonable diligence the work of completing the buildings prior to March 2, 1926, then, and in such case, plaintiffs may, under proper pleadings and proof in support thereof, be entitled to damages in the way of rentals for any unreasonable delay in completing the buildings. Likewise it may be conceded that the plaintiffs may be entitled to rentals after March 2, 1926, for such a period of time as was reasonably necessary to complete the buildings. Neither the pleadings nor evidence proceeded upon such theory. Plaintiffs' pleadings, their evidence, and the findings of fact apparently proceed upon the theory that the mere fact that defendants did not complete the buildings as agreed is controlling, and entitles the plaintiffs to the rental value of the premises without any limit as to time; that the only way the defendants could escape such continuing and accumulating liability was for them to complete the buildings. Such theory is not supported by, but is contrary to, the rule announced by the adjudicated cases. *McKellar Real Estate & Inv. Co.* v. *Paxton*, 62 Utah 97, 218 P. 128; *Jordan* v. *Madsen* (Utah) 252 P. 570; 17 C. J. § 224, p. 926.

I am therefore of the opinion that the judgment for the rental of the buildings in the sum of $960 should be reversed, otherwise I am in accord with the views expressed in the prevailing opinion.

GIDEON, J.

I concur in the foregoing views of Mr. Justice HANSEN.